**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTHUR BORNSTEIN,<br><br>Plaintiff,<br><br>v.<br><br>MCMASTER-CARR SUPPLY CO.,<br><br>Defendant. | Civil Action No. 23-02849 (GC) (JBD)<br><br>**MEMORANDUM OPINION** |

CASTNER, U.S.D.J.

This matter comes before the Court upon *pro se* Plaintiff Arthur Bornstein's Application to Proceed *In Forma Pauperis* together with Plaintiff's Complaint against Defendant McMaster-Carr Supply Company. (ECF Nos. 1, 1-4.) For the reasons stated herein, the Court will **DENY** Plaintiff's Application without prejudice and this matter will be administratively terminated.

"The *in forma pauperis* statute, 28 U.S.C. § 1915, 'is designed to ensure that indigent litigants have *meaningful* access to the federal courts.'" *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). Whether to grant or deny an application to proceed *in forma pauperis* is committed to the discretion of the District Court. *See, e.g., Cotto v. Tennis*, 369 F. App'x 321, 322 (3d Cir. 2010) (the Court of Appeals "review[s] the denial of leave to proceed IFP for abuse of discretion."). It is the plaintiff's burden to prove his indigency in order to establish his eligibility to proceed *in forma pauperis*. *See Pew v. Extraction Team Members*, Civ. No. 16-91, 2016 WL 2958767, at *1 (W.D. Pa. Apr. 25, 2016), *report and recommendation adopted*, 2016 WL 2977303 (W.D. Pa. May 20, 2016)

1

("It is a plaintiff's burden to prove entitlement to IFP status . . . by a preponderance of the evidence."). "In determining whether a litigant is eligible for IFP status, the Court may consider [his] income, expenses, and assets, including the value of [his] property, such as cars and houses." *Yachimiak v. Comm'r of Soc. Sec.*, Civ. No. 17-7479, 2018 U.S. Dist. LEXIS 50737, at *1 (D.N.J. Mar. 26, 2018). While the plaintiff does not need to prove that he is "absolutely destitute" to be eligible for the benefits of the *in forma pauperis* statute, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), courts typically deny the IFP applications if paying the filing fees would not deprive plaintiff of the "necessities of life." *See, e.g., Shahin v. Sec'y of Delaware*, 532 F. App'x 123, 124 (3d Cir. 2013) (finding that a showing of a minimal monthly income was sufficient to deny the plaintiff the privilege to proceed *in forma pauperis* because plaintiff's husband provided her with food, clothing, shelter, and other "necessities of life."); *Roberts v. Twp. of Horsham*, Civ. No. 94-1821, 1994 WL 384934, at *1 (E.D. Pa. July 19, 1994) (denying plaintiff's application to proceed *in forma pauperis* because plaintiff listed real estate valued at $130,000 as an asset even though she reportedly had no income).

After reviewing Plaintiff's Application, the Court finds that Plaintiff has not met his burden to show entitlement to the *in forma pauperis* status. Plaintiff's Application indicates that Plaintiff collects monthly payments of $1,630.90 due to his disability. (ECF No. 1-2 at 2.[1]) His monthly expenses on housing, clothes, food, and medical necessities total $2,889.90. (*Id.* at 4.) Plaintiff also receives government assistance that reduces his food and housing expenditures. (*Id.*) It is unclear whether the SNAP and the HUD housing assistance cover the disparity between his monthly income and expenses. Still, Plaintiff lists a checking account with the balance of $11,000 and a new car worth $20,000. (*Id.* at 2-3.) All told, Plaintiff has sufficient

---

[1] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

funds to pay the $402.00 filing fee without being deprived of the "necessities of life." As a result, he may not be excused from funding his litigation.

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is **DENIED** without prejudice. An appropriate Order follows.

Date: July __5__, 2023

_____
GEORGETTE CASTNER, U.S.D.J.